RUSS AUGUST & KABAT
Brian Ledahl (CA SB No. 186579)
Neil A. Rubin (CA SB No. 250761)
Jacob Buczko (CA SB No. 269408)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com

*Attorneys for Plaintiff Document Security Systems, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LITE-ON, INC. and LITE-ON TECHNOLOGY CORPORATION, <br><br> Defendants. | Case No.: 2:17-cv-06050-JVS <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendants Lite-On Inc. ("Lite-On") and Lite-On Technology Corporation ("LTC") (collectively "Defendants").

## PARTIES

1. Document Security Systems, Inc. is a publicly-traded New York corporation. Founded in 1984, DSS is a global leader in brand protection, digital security solutions and anti-counterfeiting technologies.

2. In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit. The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business. Since its recent acquisition of these patents, DSS has worked to expand its business efforts regarding LED technology. DSS is pursuing both licensing and commercialization of this technology acquisition.

3. On information and belief, Lite-On Inc. ("Lite-On") is a California corporation located at 720 S. Hillview Drive, Milpitas, CA 95035.

4. On information and belief, Lite-On Technology Corporation ("LTC") is a foreign Taiwanese entity located at 392 Ruey Kwang Road, Neihu, Taipei, Taiwan 114.

5. On information and belief, Lite-On is a subsidiary of LTC (collectively "Defendants") and Defendants collectively make, import, sell and/or offer for sale in the United States infringing LED products, including in the State of California and in this judicial district.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants in this action because, among other reasons, Defendants have committed acts within the Central District of California giving rise to this action and have established minimum contacts with the forum state of California. Defendant Lite-On Inc. is incorporated in California.

Defendants directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), have committed and continue to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit. Thus, Defendants have purposefully availed themselves of the benefits of doing business in the State of California and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Lite-On is a California corporation and LTC is a foreign corporation.

## BACKGROUND

9. DSS is the owner by assignment of United States Patent No. 6,949,771 ("the '771 Patent") entitled "Light Source." The '771 Patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005. A true and correct copy of the '771 Patent is included as Exhibit A.

10. DSS is the owner by assignment of United States Patent No. 7,524,087 ("the '087 Patent") entitled "Optical Device." The '087 Patent was duly and legally issued by the United States Patent and Trademark Office on April 28, 2009. A true and correct copy of the '087 Patent is included as Exhibit B.

11. DSS is the owner by assignment of United States Patent No. 7,256,486 ("the '486 Patent") entitled "Packing Device for Semiconductor Die, Semiconductor Device Incorporating Same and Method of Making Same." The '486 Patent was duly and legally issued by the United States Patent and Trademark Office on August 14, 2007. A true and correct copy of the '486 Patent is included as Exhibit C.

12. DSS owns all rights, title, and interest in and to the '771, '087, and '486 Patents (collectively, "asserted patents" or "patents-in-suit"), including all rights to sue and recover for past and future infringement.

## COUNT I

## INFRINGEMENT OF THE '771 PATENT

13.  DSS references and incorporates by reference paragraphs 1 through 13 of this Complaint.

14.  Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '771 Patent, and continues to do so.  By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of their PLCC 5050 Series; PLCC 3532 Series; PLCC 4508 Series; PLCC 3804 Series; PLCC 3020 Series; PLCC 3806 Series; PLCC 2808 Series; Top View Single Color PLCC 3528 Series; Side View Single Color PLCC LTST-010 Series; Side View Single Color PLCC LTST-020 Series; Side View Single Color PLCC LTST-108 Series; Side View Single Color PLCC LTST-008 Series; Top View Single Color PLCC 3014 LTST-M140 Series; Top View Single Color PLCC 3020 LTST-M670 Series; Top View Single Color PLCC 5050 LTST-G563 Series;  Top View Single Color PLCC 5630 LTST-5630 Series; Top View Dual Color PLCC 3528 LTST-E682 Series;  Top View Multi Color PLCC 2121 LTST-N213 Series; Top View Multi Color PLCC 3528 LTST-E683 Series; Top View Multi Color PLCC 3535 LTST-D353 Series; Top View Multi Color PLCC 5050 LTST-G563 Series; Automotive PLCC LTSA-G6S Series; Automotive PLCC LTSA-E67 Series; Automotive PLCC LTSA-T680 Series; Automotive LED LTSA G6S Series (PLCC6); and Automotive LED LTSA-2835 (PLCC2) packages.  Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product.  Defendants' infringing products are collectively referred to hereinafter as "'771 Accused Instrumentalities."

15.  Defendants have directly infringed and continue to directly infringe the '771 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities.  Such products and/or services are

covered by one or more claims of the '771 Patent's including at least claims 1 to 8 because they contain each element of those claims.

16. As an illustrative example, Defendants import, sell and offer to sell their Top View PLCC packages, including its 3020 (M670 Series) of products. Defendants' M670 Series infringes, for example, Claim 3 of the '771 patent because it is a light source comprising a substrate having opposing first and second surfaces, the substrate defining an aperture extending from the first surface to the second surface, said aperture having a first opening in the first surface and second opening in said second surface:




17. Defendants' M670 Series also includes a platform covering said first opening, said platform being located outside said aperture, with a light emitting diode mounted on the platform within the aperture, and a transparent encapsulant material encapsulating the light emitting diode in the aperture:



18. Defendants' M670 Series' "platform" is made from thermally conductive material for conducting heat away from the light emitting diode because the "platform" comprises a metal lead frame that conducts heat away from the light emitting diode.

19. By making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities infringing the '771 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '771 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

20. In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent, in violation of 35 U.S.C. § 271(b). Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claims 1 to 8 of the '771 Patent. Defendants have had actual knowledge of the '771 Patent since at least July 5, 2017. Defendants are knowingly inducing their customers and/or end users to directly infringe the '771 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement. Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '771 Patent. The '771 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '771 Patent. Defendants know and intend that customers that purchase the '771 Accused Instrumentalities will use those products for their intended purpose. Defendants also specifically intend its customers infringe the '771 Patent by using the '771 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides. For example, Defendant's United

States website: http://optoelectronics.liteon.com/en-global/App/app, instructs customers to use '771 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing products in the United States in order to serve and develop the United States market for Defendants' infringing products.

21. Defendants have been aware of the '771 Patent and of its infringement as of a date no later than July 5, 2017, when DSS contacted Defendants and provided Defendants a list of patents that included the '771 patent and described that Defendants may infringe the '771 Patent. Since that date, Defendants have failed to investigate and remedy their infringement of the '771 Patent and thus willfully and egregiously continue to infringe the '771 Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '771 patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the '771 Patent. Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '771 Accused Instrumentalities with knowledge that these acts constitute infringement of the '771 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

22. As a result of Defendants' infringement of the '771 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

# COUNT II

# INFRINGEMENT OF THE '087 PATENT

23. DSS references and incorporates by reference paragraphs 1 through 22 of this Complaint. Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '087 Patent, and continues to do so. By way of illustrative example, Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of their PLCC 3528 Series; PLCC 3014 Series (LTW-M140ZVS) PLCC 5050 Series; PLCC 3020 Series; Top View Single Color PLCC 3528 Series; Top View Single Color PLCC 3014 LTST-M140 Series; Top View Single Color PLCC 3020 LTST-M670 Series; Top View Single Color PLCC 5050 LTST-G563 Series; Top View Single Color PLCC 5630 LTST-5630 Series; Top View Dual Color PLCC 3528 LTST-E682 Series; Top View Multi Color PLCC 2121 LTST-N213 Series; Top View Multi Color PLCC 3528 LTST-E683 Series; Top View Multi Color PLCC 3535 LTST-D353 Series; Top View Multi Color PLCC 5050 LTST-G563 Series; Automotive PLCC LTSA-G6S Series; Automotive PLCC LTSA-E67 Series; Automotive PLCC LTSA-T680 Series; Automotive LED LTSA G6S Series (PLCC6); and Automotive LED LTSA-2835 (PLCC2); Automotive LED LTSA-T68 Series (PLCC2); Automotive LED LTSA-T67 Series (PLCC4); Automotive LED LTSA-G683 Series (PLCC6); and Automotive LED LTSA-M67 Series (PLCC2 Mini) packages. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as "'087 Accused Instrumentalities."

24. Defendants have directly infringed and continue to directly infringe the '087 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities. Such products and/or services are

covered by one or more claims of the '087 Patent's including at least claim 1 because they contain each element of that claim.

25. As an illustrative example, Defendants import, sell and offer to sell its 5050 Series PLCC LEDs. Defendants' 5050 Series package infringes, for example, Claim 1 of the '087 patent because it is an optical device comprising a lead frame with a plurality of leads:



26. Defendants' 5050 Series package also includes a reflector housing formed around the lead frame, the reflector housing having a first end face and a second end face and a peripheral sidewall extending between the first end face and the second end face, the reflector housing having a first pocket with a pocket opening in the first end face and a second pocket opening in the second end face:



27. Defendants' 5050 Series also includes at least one LED die mounted in the first pocket of the reflector housing and a light transmitting encapsulant disposed in the first pocket and encapsulating the at least one LED die:



28. Defendants' 5050 Series includes a plurality of lead receiving compartments formed in the peripheral sidewall of the reflector housing:



29. By making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities infringing the '087 Patent, Defendants have injured DSS and are liable to DSS for infringement of the '087 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

30. In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and

related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '087 Patent, in violation of 35 U.S.C. § 271(b). Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '087 Patent. Defendants have had actual knowledge of the '087 Patent at least since August 2015. Defendants are knowingly inducing their customers and/or end users to directly infringe the '087 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement. Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '087 Patent. The '087 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '087 Patent. Defendants know and intend that customers that purchase the '087 Accused Instrumentalities will use those products for their intended purpose. Defendants also specifically intend its customers infringe the '087 Patent through use of the '087 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides. For example, Defendant's United States website: http://optoelectronics.liteon.com/en-global/App/app, instructs customers to use '087 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing products in the United States in order to serve and develop the United States market for Defendants' infringing products. Defendants also give customers specific instruction to infringe e.g., claim 9 of the '087 patent, by assembling products into an infringing display.

31. Defendants have been aware of the '087 Patent and of its infringement as of a date no later than August 6, 2015, when, during the prosecution of Defendants'

U.S. Patent No. 9,202,805, the examiner cited the '087 patent as the first in a "list of References Cited by Examiner." Defendants were then again notified of the '087 patent on July 5, 2017, when DSS contacted Defendants and provided Defendants a list of patents that included the '087 patent and described that Defendants may infringe the '087 Patent. Since that date, Defendants have failed to investigate and remedy their infringement of the '087 Patent and thus willfully and egregiously continue to infringe the '087 Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '087 patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the '087 Patent. Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '087 Accused Instrumentalities with knowledge that these acts constitute infringement of the '087 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

32. As a result of Defendants' infringement of the '087 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF THE '486 PATENT

33. DSS references and incorporates by reference paragraphs 1 through 32 of this Complaint.

34. On information and belief, Defendants make, use, offer for sale, sell, and/or import in the United States products and/or services that infringe various claims of the '486 Patent, and continues to do so. By way of illustrative example,

Defendants' infringing products include without limitation, all versions and variations, including predecessor and successor models, of their 3535 Series; SideView Single Color Chip LED 0604 Series; SideView Single Color Chip LED 0704 Series; SideView Single Color Chip LED 0804 Series; SideView Single Color Chip LED 1206 Series; SideView Single Color Chip LED 1208 Series;  SideView Dual Color Chip LED 1206 Series; SideView Dual Color Chip LED 1208 Series; SideView Multi Color Chip LED 1204 Series;  SideView Multi Color Chip LED 1206 Series; SideView Multi Color Chip LED 1208 Series;  TopView Single Color Chip LED 0402 Series; TopView Single Color Chip LED 0603 Series; TopView Single Color Chip LED 0805 Series; TopView Single Color Chip LED 1206 Series; TopView Single Color Chip LED Dom Lens/Inner Lens Series; TopView Dual Color Chip LED 0603 Series; TopView Dual Color Chip LED 0606 Series; TopView Dual Color Chip LED 1211 Series; TopView Multi Color Chip LED 0404 Series; TopView Multi Color Chip LED 0606 Series;  TopView Multi Color Chip LED 0608 Series; White Chip LED Top View;  White Chip LED Side View; Automotive Chip LED Top View 0603 Series; Automotive Chip LED Top View 0805 Series; Automotive Chip LED Top View 1206 Series; and UV LED 3535 Series products. Defendants' infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendants' infringing products are collectively referred to hereinafter as "'486 Accused Instrumentalities."

35. On information and belief, Defendants have directly infringed and continues to directly infringe the '486 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities.  On information and belief, such products are covered by one or more claims of the '486 Patent including at least claim 1 because they contain each element of that claim.

36. As an illustrative example, Defendants import, sell and offer to sell its 3535 Series products. Defendants' 3535 Series UV LED infringes, for example, Claim 1 of the '486 patent because it is a semiconductor device comprising a substantially planar substrate having opposed major surfaces:



37. Defendants' 3535 Series also includes an electrically conductive mounting pad located on one of the major surfaces of the substrate:



38. Defendants' 3535 Series also includes an LED having a metallized bottom major surface that is mounted on the electrically conductive mounting pad, the metallized bottom major surface comprising one of an anode and a cathode of the LED:

39. Defendants' 3535 Series also includes a first electrically conductive connecting pad located on the other of the major surfaces of the substrate:



40. Defendants' 3535 Series also includes a first electrically conductive interconnecting element extending through the substrate and electrically interconnecting the mounting pad and the first electrically conductive connecting pad:

[Figure: microscopic image showing I-beam-like structure]

41.  By making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities infringing the '486 Patent, Defendants have injured DSS and is liable to DSS for infringement of the '486 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

42.  In addition, Defendants are actively inducing others, such as their customers and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe each and every claim limitation, including without limitation claim 1 of the '486 Patent, in violation of 35 U.S.C. § 271(b).  Defendants' customers and/or end users have directly infringed and are directly infringing each and every claim limitation, including without limitation claim 1 of the '486 Patent.  Defendants have had actual knowledge of the '486 Patent at least since July 5, 2017.  Defendants are knowingly inducing their customers and/or end users to directly infringe the '486 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendants' inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the '486 Patent.  The '486 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '486 Patent.  Defendants know and intend that customers that purchase the '486 Accused Instrumentalities will use those products for their intended purpose.  Defendants also

specifically intend its customers infringe the '486 Patent through use of the '486 Accused Instrumentalities through trade show presentations, customer visits, direct customer contacts and application guides. For example, Defendant's United States website http://optoelectronics.liteon.com/en-global/App/app, instructs customers to use '486 Accused Instrumentalities in numerous "Applications." In addition, Defendants specifically intend that their customers, such as United States distributors, retailers and consumer product companies, will import, use and sell infringing products in the United States in order to serve and develop the United States market for Defendants' infringing products.

43. Defendants have been aware of the '486 Patent and of its infringement as of a date no later than July 5, 2017, when DSS contacted Defendants and provided Defendants a list of patents that included the '486 patent and described that Defendants may infringe the '486 Patent. Since that date, Defendants have failed to investigate and remedy their infringement of the '486 Patent and thus willfully and egregiously continue to infringe the '486 Patent. On information and belief, Defendants continued to offer infringing products without having modified or altered those products in a manner that would not infringe the '486 patent. Defendants, at the very least, have been egregiously and willfully blind to infringement of the '486 Patent. Further evidence of Defendants' egregious and willful infringement are the acts of active inducement described in this Complaint. Defendants actively induce and encourage customers to make, use, sell, offer to sell and/or import the '486 Accused Instrumentalities with knowledge that these acts constitute infringement of the '486 Patent, with the purpose of, *inter alia*, developing and serving the United States market for Defendants' LED products and consumer devices that include Defendants' products.

44. As a result of Defendants' infringement of the '486 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendants'

infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendants have infringed one or more claims of the '771, '087, and '486 Patents;

B. A judgment and order requiring Defendants to pay DSS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to DSS, including, without limitation, prejudgment and post-judgment interest;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees against Defendants; and

E. Any and all other relief to which DSS may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a trial by jury of any issues so triable by right.

Dated: November 16, 2017     By: */s/ Brian Ledahl*
RUSS AUGUST & KABAT
Brian Ledahl (CA SB No. 186579)
Neil A. Rubin (CA SB No. 250761)
Jacob Buczko (CA SB No. 269408)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT — 18 — Case No. 2:17-cv-06050

E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com

Attorneys for Plaintiff,
*Document Security Systems, Inc.*